**SINGER LUMBER CO., Inc., v. GLOBE INDEMNITY CO. et al.\***

No. 14899.

Court of Appeal of Louisiana. Orleans.

May 27, 1935.

Harold J. Moore, of New Orleans, for appellants.

Wisdom & Stone and Saul Stone, all of New Orleans, for appellee.

JANVIER, Judge.

Singer Lumber Company, Inc., a furnisher of lumber, millwork, and building supplies, alleged that it sold and delivered to Herman J. Estrade, a contractor, certain material which he used in connection with a building contract on which Globe Indemnity Company was surety for Estrade, and that the said Estrade is still indebted to it in the sum of $101.37. It sought judgment for this amount against both Estrade, the contractor, and Globe Indemnity Company, the surety. Estrade contended that he paid the amount, and this is the only defense which we shall consider. The surety relied entirely on Estrade's defense of payment, and, by call in warranty, sought against Estrade such judgment as might be rendered against it in favor of plaintiff.

In the court, a qua, there was judgment for plaintiff, as prayed for, against both Estrade and the surety company, but no judgment was rendered in favor of the surety company and against Estrade on the call in warranty. Both Estrade and the surety company have appealed.

In his effort to show that payment had been made, the contractor, Estrade, produced in evidence a memorandum book kept by him, and which he contended showed the entry of a payment of $146.35, which, it is conceded, was the balance due by him to the plaintiff at that time. But plaintiff contends that, when that receipt was entered in the memorandum book, the amount entered therein was $46.35, and that either Estrade, or some one acting for him, has since changed the entry so as to make it read $146.35.

According to Estrade's testimony, when he paid this amount he gave to the young collector representing the plaintiff company a check for $46.35 and the balance in cash.

The sole question, then, is whether or not the amount Estrade claims to have been paid

\*Rehearing denied June 10, 1935. Writ of error refused July 12, 1935.

in cash was actually given to the collector. The evidence is so overwhelmingly against Estrade that we marvel at the extent of the temerity which prompted some of his statements. In one part of his testimony he was asked to produce the check which had been given by him to plaintiff company, and he stated that he had looked carefully through his papers and could not find the check. Very shortly thereafter he stated that he had destroyed the check as soon as it came back from the bank, because he always destroyed all of his checks as soon as they were returned. When asked why he did not produce the stubs in his check book, he stated that he had always destroyed his stubs also. This appears to us to be a custom so unusual as to make it impossible that we believe his testimony on this point, particularly when we notice that, though he had first stated, as we have shown, that he destroyed all of his checks intentionally as soon as they came back from the bank, later in his testimony he seems to have forgotten that he said that and stated that the check in question was destroyed in an accidental fire which burned a portion of another building in which the checks at that time were kept.

In spite of the fact that he testified that he did not owe this additional amount because he had paid it, he admitted that he had said to the representative of the Singer Company on several occasions that he would pay $10 a month on the account. He claims that he said this only in jest and that he and the representative of the plaintiff company were constantly "kidding" about this matter.

■ The contention now made by counsel for defendants that the material was sold not to Estrade, but to the partnership known as Estrade & Broas, cannot be considered, because the case was tried below solely on the issue of payment.

■ We find nothing else in the record which justifies discussion, and the testimony, as a whole, as we have already said, overwhelmingly shows that the amount was not paid and is still due.

■ The surety company is manifestly entitled to judgment against Estrade for such amount as it may be required to pay.

It is therefore ordered, adjudged, and decreed that the judgment appealed from in favor of plaintiff against Herman J. Estrade and the Globe Indemnity Company, in solido, be and it is affirmed at the cost of defendants.

And it is further ordered, adjudged, and decreed that there be judgment in warranty in favor of Globe Indemnity Company and against Herman J. Estrade in the sum of $101.37, with legal interest from October 31, 1932; until paid.

Amended and affirmed.